# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:03CR00078 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **DARRELL WILLIAM** ) | By: James P. Jones |
| **MITCHELL**, ) | Chief United States District Judge |
| ) | |
| Defendant. ) | |

*Randy Ramseyer, Assistant United States Attorney, Abingdon, Virginia, for United States; Darrell William Mitchell, Pro Se Defendant.*

The defendant, Darrell William Mitchell, filed a pro se "Motion to Compel," asserting that the government had reneged on its promised to move the court to reduce his sentence under Federal Rule of Criminal Procedure 35, based on Mitchell's substantial assistance in the prosecution of another person. I found that Mitchell had made a substantial showing that he had provided substantial assistance and so directed the government to respond to his motion. Upon review of the parties' submissions, I find that Mitchell's motion is properly construed and filed as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West 2006). I also find that because material facts are in dispute, the motion will be set for an evidentiary hearing on Mitchell's claim.

I

Mitchell was convicted in this court of drug and firearms charges and sentenced to a term of imprisonment in 2004. In his present motion, he alleges that on October 31, 2003, while riding with other inmates from New River Valley Regional Jail to court, he overheard another inmate, Herbert Evans, threaten the life of United States Magistrate Judge Pamela Meade Sargent. Later, Mitchell and Evans were detained in the same holding cell and Mitchell again heard Evans threaten to kill Magistrate Judge Sargent. In December 2003, Mitchell, his co-defendant Nicholas Stiltner, and Evans, were placed in the same pod at the jail. Mitchell and Stiltner both overheard Evans threatening to kill Magistrate Judge Sargent. In January or February 2004, Mitchell and Stiltner decided together to report to the United States Attorney's Office the threats that Evans had made. Mitchell's appointed attorney would not take collect calls, so the co-defendants contacted Stiltner's retained attorney, through Stiltner's family members, and the attorney in turn contacted authorities. A few days later, a federal agent came to the jail and interviewed the two co-defendants. Mitchell and Stiltner later testified before a grand jury about Evans's threats and Evans was indicted. Mitchell and Stiltner were then transferred to federal prison to serve their sentences.

In September 2007, for reasons unknown to Mitchell, federal authorities moved him to the Roanoke City Jail. An assistant from the United States Attorney's Office came to the jail to discuss the Evans case and what Mitchell's testimony would be. The assistant assured Mitchell that he and Stiltner would both receive a Rule 35 Motion for Reduction of Sentence in exchange for their testimony against Evans. Mitchell and Stiltner both testified at the Evans trial. After they had testified, the prosecutor told them that they had done a good job on the witness stand and that both of them would receive Rule 35 motions as a result.

Mitchell learned in May of 2008 that the prosecutor had made a Rule 35 motion on behalf of Stiltner. When Mitchell wrote to the prosecutor and asked if a Rule 35 motion on his behalf would be forthcoming, the prosecutor replied that he did not intend to make a motion on Mitchell's behalf because Stiltner was the one who first approached authorities with the information about Evans.

In response to these allegations, the government explains that Stiltner earned his Rule 35 motion by coming forward voluntarily, whereas Mitchell merely testified under subpoena. The government does not respond to the allegations that representatives of the United States twice promised Mitchell that he would receive a Rule 35 motion in exchange for his testimony against Evans.

II

Rule 35(b) of the Federal Rules of Criminal Procedure authorizes the government to move for a reduction of a defendant's sentence based on the defendant's substantial assistance to law enforcement authorities. Frequently, a conditional agreement to this effect is included in the written plea agreement, indicating that if the government finds that the defendant offered substantial assistance, the government will move on his behalf for a sentence reduction under Rule 35(b). The United States Court of Appeals for the Fourth Circuit has held that "absent a motion by the government, district courts cannot consider whether a defendant is entitled to a downward departure from the Sentencing Guidelines range based on substantial assistance." *United States v. Maddox*, 48 F.3d 791, 795 (4th Cir.1995).

A district court has the authority, however, to review a prosecutor's decision not to make a Rule 35 motion for reduction based on substantial assistance where: (1) the prosecutor's discretion to file has been superseded by an agreement to file a Rule 35 motion; or (2) the prosecutor's refusal to file is unconstitutional. *Wade v. United States*, 504 U.S. 181, 185 (1992). Even when there is no written plea agreement incorporating a Rule 35(b) agreement, the district court may review the government's decision not to move for a downward departure. *Wade*, 504 U.S. at 185; *United*

*States v. Pierce*, No. 96-7066, 1997 WL 471057, at *1 (4th Cir. Aug. 19, 1997) (unpublished) (finding that court may review prosecutor's refusal to honor oral agreement to file a Rule 35(b) motion).

> [O]nce the government uses its § 5K1.1 discretion as a bargaining chip . . . , that discretion is circumscribed by the terms of the agreement. The task of the trial court is to determine if the government has in fact agreed to make the motion in return for substantial assistance, and, if so, whether the defendant has satisfied his contractual obligations.

*United States v. Conner*, 930 F.2d 1073, 1075 (4th Cir. 1991). The defendant "as the party alleging a breach, ha[s] the burden of proving, by a preponderance of the evidence, that the government breached the agreement." *Id.* at 1076.

Even in the absence of an agreement, the prosecutor's refusal to file a Rule 35 motion is unconstitutional if the prosecutor's motive is based on an impermissible factor such as race or religion or if the motive is otherwise not rationally related to a legitimate government end. *Wade*, 504 U.S. at 186; *United States v. Butler*, 272 F.3d 683, 686 (4th Cir. 2001). To trigger a district court's review of a prosecutor's decision, a defendant must do more than claim he provided assistance or allege that the United States acted in bad faith; he must make a "substantial threshold showing" of one of the qualifying circumstances. *Wade*, 504 U.S. at 186.

Since the defendant himself cannot bring a Rule 35(b) motion, the Fourth Circuit has held that a defendant's request for review of the government's decision

-5-

not to file a Rule 35(b) motion should be construed and filed as a § 2255 motion. *United States v. Pierce*, 1997 WL 471057, at *2.

III

Upon review of the record, I find that Mitchell's pro se motion should be construed as a § 2255 motion in which the defendant seeks to be properly sentenced in light of his substantial assistance. Furthermore, I find that Mitchell has made a substantial threshold showing under the *Wade* factors that the government wrongfully refused to make a Rule 35(b) motion in his case. He alleges that government agents, including the prosecutor, had promised him a Rule 35(b) motion if he testified against Evans. He also alleges facts indicating that he was personally involved with Stiltner in contacting authorities about the threats that he heard Evans make against Judge Sargent. If Mitchell could prove his allegations by a preponderance of the evidence, he could conceivably demonstrate that either the government breached an express agreement to file a Rule 35(b) motion or the government refused to make a Rule 35(b) motion in his case based on an illegitimate reason—discriminatory treatment of Stiltner because he had family and retained counsel who were able to contact the prosecutor's office. Because I find that these are genuine issues of material fact in dispute, I will set the matter for an evidentiary hearing.

## IV

For the stated reasons, it is hereby **ORDERED** as follows:

1. The defendant's Motion to Compel (Dkt. No. 58) is construed as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255, and the clerk shall make appropriate adjustments to the court's records;

2. This matter shall be set for an evidentiary hearing at the court's earliest convenience at the United States Courthouse in Abingdon and the clerk shall make arrangements for the defendant to participate in this hearing, via video conferencing if possible; and

3. The clerk shall arrange for the appointment of counsel to represent the defendant in this § 2255 action, pursuant to 18 U.S.C.A. § 3006A(a)(2)(B) (West 2000).

The clerk will send a copy of this Opinion and Order to the defendant at his place of confinement and to counsel of record for the government.

ENTER: August 24, 2008

/s/ JAMES P. JONES
Chief United States District Judge